IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE CURRY, | No. 2:16-cv-2898-JAM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |
| _____ / | |

Pending before the court is Defendant's motion to compel (Doc. 12). A hearing on the motion to compel was held on November 29, 2017, before the undersigned in Redding, California. Attorney Desiree Papendick appeared on behalf of plaintiff; attorney Lynn Ernce appeared on behalf of defendant. The parties were provided time to attempt resolve the discovery dispute; no resolution has been presented to the court.

Defendant has filed a motion to compel pursuant to Federal Rule of Civil Procedure 37. Defendant moves to compel plaintiff to produce documents and answer interrogatories related to her mental health, which she objected to in her response to the requests.

///
///

1

# MOTION

Defendant propounded both a request for production of documents pursuant to Rule 34, and interrogatories pursuant to Rule 33, related to plaintiff's medical records including her mental health condition. Defendant argues that plaintiff has put her mental health at issue by claiming substantial emotional distress damages. Plaintiff contends her mental health is not at issue in this case as she is only claiming "garden variety" type of emotional distress.

Federal Rule of Civil Procedure 26(b)(1) establishes the scope of discovery and states, in relevant part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D.N.J. 1990).

The parties agree the controlling case over the issue of mental health records is Jaffe v. Redmond, 518 U.S. 1 (1996). In Jaffe, the Supreme Court recognize that confidential communications between a patient and a psychotherapist are privileged. The Court did state that the psychotherapist-patient privilege could be waived, but did not clarify in what circumstances such a waiver is applicable. The Ninth Circuit has not specifically addressed the issue. Several District Courts have analyzed the waiver issue, and two basic approaches have been used. Under the broad approach, psychotherapist-patient privilege is waived whenever the plaintiff places his mental condition at issue. See EEOC v. Cal. Psychiatric Transitions, 258 F.R.D. 391, 399 (E.D.

Cal. 2009) (applying the broad approach at least in part due to the only remedy sought was emotional distress damages); Sarko v. Penn-Del-Directory Co., 170 F.R.D. 127 (E.D. Pa. 1997) (taking a broader approach by holding that the privilege is waived if the plaintiff, who claimed she was disabled by clinical depression, places her mental condition directly at issue in the action). Under the narrower approach, courts have concluded that the privilege is waived only if the plaintiff places the contents of the communications at issue, which does not happen where the plaintiff claims only generic "garden variety" emotional distress damages. Rather, the waiver only occurs where the patient relies on the advice or findings of her psychotherapist. See Cal. Psychiatric Transitions, 258 F.R.D. at 399; Fitzgerald v. Cassil, 216 F.R.D. 632 (N.D. Cal. 2003) (applying the narrow approach to waiver of the psychotherapist-patient privilege where a couple alleged harassment by their landlord which caused them emotional distress but stipulated they did not intend to rely on a treating psychotherapist or other expert to prove emotional distress damages).

> "Garden variety" emotional distress has been described in a number of ways, such as " 'the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized;' " " 'the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel' given the defendant's conduct;" and general pain and suffering that is not serious enough to require psychological treatment or to disrupt or affect the claimant's life activities. Flowers v. Owens, 274 F.R.D. [218, 225-226 (N.D. Ill. 2011)] (internal citations omitted). "[S]ince garden variety emotional suffering involves those feelings that would likely be experienced by anyone who experienced what the plaintiff alleges occurred, prohibiting a party's access to [] privileged information, does not compromise the ability of the opponent to contest the evidence of emotional damage and thus does not offend notions of fairness." Id. at 226.

Redon v. Ruiz, 2015 WL 13229500 (S.D. Cal. 2015) (finding plaintiff's symptoms, as expressed in his deposition testimony, exceeded a "garden variety" claim of emotional damages in that he testified he suffered from severe anxiety on a daily basis, could not leave his home without a high level of fear, and continued to get depressed about the incident three years after it happened).

The question before the court is whether plaintiff's emotional distress damages are "garden variety" and thus insufficient to waive the psychotherapist-patient privilege. If more than just "garden variety," under either approach the records would be discoverable. If not more than "garden variety," under the narrow approach the records would not be discoverable, and the court would need to determine which approach is appropriate in this case. However, as discussed below, the court finds the emotional distress damages in this case are more than simple "garden variety" given plaintiff's history. Therefore, under either approach the records are discoverable.

Plaintiff alleges in her complaint that she obtained an Access Pass through her status as permanently disabled. On July 23, 2014, plaintiff was injured when she fell as she descended a step at the Whisky Creek Courtesy Docks restroom area. As a result of the fall, plaintiff alleges she suffered significant physical injuries including a right intertrochanteric femoral fracture, which required surgery and placement of permanent nails and screws into her right hip. Her claims include general negligence, premises liability, negligence per se. She alleges she has suffered medical expenses and general damages. She prays for *inter alia*, general and compensatory damages, attorney fees, medical and related expenses. There are no specific claims for emotional distress, nor are there any specific damage requests for emotional distress.

However, through the discovery process, plaintiff has informed the defendant that she is seeking non-economic damages for mental suffering, anxiety, humiliation, and emotional distress. In her Rule 26 initial disclosures, she states she is seeking non-economic damages of $250,000 for "past and present physical pain" as well as "mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation and emotional distress." In addition, she has disclosed that her permanently disabled status is based on Post Traumatic Stress Disorder (PTSD) and anxiety disorder, not on any physical disabilities.

Defendant argues that in alleging she is disabled in her complaint, and claiming significant non-economic damages for mental suffering, grief, anxiety, humiliation and emotional distress, she has put her mental disabilities of PTSD and anxiety at issue. Plaintiff contends that

all she has done is allege garden variety mental suffering, the kind of mental suffering that would happen to anyone, which is insufficient to act as a waiver of her psychotherapist-patient privilege. She argues she did not seek out mental health professional nor was she diagnosed with a mental health condition as a result of her suffering. She further argues that the majority of the non-economic damage claim is for pain and suffering, not emotional distress.

As stated above, the underlying issue herein is whether the emotion distress damages claim is of the "garden variety" type. Plaintiff is correct in her assertion that not having sought out mental health treatment or being diagnosed with a mental health condition as a result of the subject incident weighs in her favor. Similarly, the emotional distress injuries are not the only or major injury she claims to have suffered. Plaintiff has also offered not to present expert testimony concerning mental suffering beyond "garden variety suffering." However, weighing against her argument are her pre-existing conditions of PTSD and anxiety disorder. Defendant has a strong and persuasive argument that the United States should be allowed to determine whether and to what extent her PTSD and anxiety may be responsible for her ongoing emotional distress. In addition, plaintiff disclosed two additional falls after the subject incident. Defendant contends these subsequent falls may be contributing to plaintiff's mental suffering. This is especially true considering she claims ongoing anxiety and a pre-existing diagnosis of an anxiety disorder.

The emotional distress damages claim in this case do not closely align with the cases the parties cite to. Plaintiff's damages as a whole consist of more than just emotion distress damages. Plaintiff has alleged significant physical injuries as well as emotional distress, unlike the plaintiff in Haught v. City of Anderson, 2:11-cv-1653-JAM-CMK (E.D. Cal). However, the emotional distress asserted herein are more than the typical "garden variety" emotion distress. Given plaintiff's pre-existing conditions of PTSD and anxiety, there is at least the possibility that her on-going emotional distress is due to her past diagnosis as well as her subsequent falls. Without information as to her PTSD and anxiety disorder, it would be difficult for the defendant

to determine plaintiff's symptoms, or the severity thereof, are the result of the subject incident or her pre-existing conditions.  Defendant's argument that "it is not possible to measure the 'garden variety' distress she claims to have suffered from her Whiskeytown fall without having a baseline of plaintiff's mental condition before the incident from which to measure those damages" is persuasive.  As the burden is on the plaintiff to show that discovery should not be allowed, she has not met her burden.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Defendant's motion to compel (Doc. 12) is granted;

        2.    Plaintiff shall produce her mental health records in response to, or otherwise comply with, defendant's requests for production of documents (numbers 1, 5, 6, 12) within 30 days of the date of this order; and

        3.    Plaintiff shall respond to the interrogatories (numbers 1, 16, 18) to the best of her ability within 30 days of the date of this order.

DATED:  January 8, 2018

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE